■ In the Matter of 72ND St., ASSOCIATES, Respondent, v. HOUSING AND DEVELOPMENT ADMINISTRATION OF THE CITY OF NEW YORK, Appellant. MARY DE GENNARO et al., Intervenors-Respondents-Appellants.— Judgment, Supreme Court, New York County, entered August 20, 1974, unanimously modified in the interest of justice to extend the time for respondent to make a final determination to two weeks after the publication of this order, and as so modified affirmed, without costs and without disbursements. Petitioner has been trying for two years to evict the intervenors in order to demolish the building. After protracted proceedings, and following three mandamus proceedings and an application to punish for contempt, respondent, on February 20, 1974, made a determination that petitioner was entitled to the certificate. However, before the certificate could issue, due to relocation proceedings the Legislature enacted chapter 1022 of the Laws of 1974. This statute, applicable to all pending proceedings, requires additional proof before a certificate can issue. Petitioner on July 3, 1974, requested a prompt hearing, which respondent refused on the ground that it was overworked and had a backlog of other matters. Petitioner then made this application. Special Term ordered that respondent hold a hearing and reach a determination within 30 days. Respondent appealed. The appeal automatically stayed the order and the 30 days have now passed. Respondent has, however, made some progress toward gathering the material needed for a fair determination. While we do not question Special Term's decision or the time limit therein fixed, we believe that the orderly functioning of the respondent agency and the interests of all parties will be served if the agency makes a determination within two weeks from the publication of this order. Concur — Steuer, J. P., Tilzer, Capozzoli and Macken, JJ.

## SECOND DEPARTMENT, NOVEMBER, 1974

### (November 4, 1974)

■ BARBARA CACIA et al., Respondents, v. ROBERT D. STARR, Defendant, and ARROW WELDING SUPPLY CO., INC., et al., Appellants.— In a negligence action to recover damages, *inter alia*, for personal injuries, the appeal is from an interlocutory judgment of the Supreme Court, Suffolk County, entered March 4, 1974, in favor of plaintiffs against appellants on the issue of liability, upon a jury verdict. Interlocutory judgment affirmed, with costs. No opinion. Gulotta, P. J., Hopkins, Latham and Shapiro, JJ., concur; Martuscello, J., dissents and votes to reverse and to grant a new trial, with the following memorandum: In my opinion, there was such a paucity of, and conflict in, the evidence adduced as to exactly where the accident occurred, the nature of the roadway at that point and the lane markings and the location of the cars after the impact, as to require a new trial in the interests of justice.